UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| BYUNGMIN CHAE, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 24-00086 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

Upon reading defendant's motion to dismiss for failure to state a claim; upon plaintiff's response; upon other papers and proceedings had herein; and upon due deliberation, it is hereby:

**ORDERED** that defendant's motion to dismiss be, and hereby is, granted; and it is further

**ORDERED** that this action be, and hereby is, dismissed for failure to state a claim.

_____
JUDGE

Dated:  New York, New York
        This _____ day of _____ , 2024.

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| BYUNGMIN CHAE, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 24-00086 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

### DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

---

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-in-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

Of Counsel:
Yelena Slepak
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated: July 22, 2024

MARCELLA POWELL
Senior Trial Counsel
Civil Division, U.S. Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
Tel. (212) 264-9230 or 1873
Attorneys for Defendant

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................3

SUMMARY OF THE ARGUMENT ..........................................................................6

QUESTIONS PRESENTED ........................................................................................7

ARGUMENT................................................................................................................7

    I.     STANDARD OF REVIEW ............................................................................7

    II.    PLAINTIFF'S CLAIM IS BARRED BY THE DOCTRINE OF *RES JUDICATA* OR CLAIM PRECLUSION...........................................................7

    III.   THE FEDERAL CIRCUIT'S DECISION IN *CHAE I* IS BINDING ON THIS COURT ........................................................................................................8

CONCLUSION...........................................................................................................10

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Amoco Oil Co. v. United States*,
  63 F. Supp. 2d 1332, 1334-35 (Ct. Int'l Trade 1999),
  *aff'd*, 234 F.3d 1374 (Fed. Cir. 2000) ............................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 672 (2009) ...........................................................................................7

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007) ...........................................................................................7

*Browning v. Clinton*,
  292 F.3d 235, 242 (D.C. Cir. 2002) ..................................................................7

*Chae v. Yellen*,
  2023 WL 307285 (Fed. Cir. Apr. 25, 2023) .....................................................7

*Chae v. Yellen*,
  579 F. Supp. 3d 1343 (Ct. Int'l Trade 2022) ....................................................4

*Dunn-Heiser v. United States*,
  29 Ct. Int'l Trade 552 (2005)..............................................................................3

*Golden Pac. Bancorp v. United States*,
  15 F.3d 1066, 1071 (Fed. Cir. 1994) .................................................................8

*Halliburton Co. v. Erica P. John Fund, Inc.*,
  573 U.S. 258, 266 (2014) ...................................................................................9

*Kisor v. Wilkie*, 588 U.S. 558, 586 (2019)...........................................................8

*Mendenhall v. Cedarapids, Inc.*,
  5 F.3d 1557, 1570 (Fed. Cir. 1993) ...................................................................8

*Natural Res. Def. Council v. Thomas*,
838 F.2d 1224, 1252 (D.C. Cir. 1988)....................................................................8

*Payne v. Tenn*, 501 U.S. 808, 827 (1991) ............................................................8

*Smalls v. United States,*
  471 F.3d 186, 192 (D.C. Cir. 2006) ...........................................................8

*United Pac. Ins. Co. v. United States*,
  464 F.3d 1325, 1327 (Fed. Cir. 2002) .......................................................7

## **Statutes and Regulations**

19 U.S.C. § 1641(b)(2) ...........................................................................3

19 U.S.C. § 1641(f) ............................................................................1, 2

19 U.S.C. § 1641(e)(6) ...........................................................................4

19 C.F.R. § 111.11(a)(4) ..........................................................................4

19 C.F.R. § 111.13(a) ............................................................................4

28 U.S.C. § 2636(g) ..............................................................................4

19 C.F.R. § 111.13(e) ............................................................................4

19 C.F.R. § 111.13(f) ............................................................................4

## **Other Authorities**

USCIT R. 12(b)(6)...............................................................................3

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| BYUNGMIN CHAE, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 24-00086 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant, the United States (the Government), submits this memorandum in support of its motion to dismiss this action for failure to state a claim pursuant to Rule 12(b)(6) of the Rules of the U.S. Court of International Trade.

## INTRODUCTION

I.    **The Customs Broker License Examination**

"Customs brokers help importers and exporters navigate the labyrinthine federal laws governing the movement of merchandise into and out of the customs territory of the United States." *Dunn-Heiser v. United States*, 29 Ct. Int'l Trade 552, 553 (2005). In order to become a customs broker, applicants must obtain a customs broker's license by successfully completing a written examination that is administered by U.S. Customs and Border Protection (CBP). 19 U.S.C. § 1641(b)(2)[1]; *see also* 19 U.S.C. § 1641(f) (authorizing the promulgation of regulations

---

[1] 19 U.S.C. § 1641(b)(2) provides:

Before granting the license, the [CBP] may require an applicant to show any facts deemed necessary to establish that the applicant is of good moral character and qualified to render valuable service to others in the conduct of customs business.

relating to customs brokers); 19 C.F.R. § 111.13 (setting forth regulations governing the written examination). The exam is designed "to determine the applicant's knowledge of customs and related laws, regulations and procedures, bookkeeping, accounting, and all other appropriate matters to render valuable service to importers and exporters." 19 U.S.C. § 1641(b)(2); *see also* 19 C.F.R. § 111.13(a).

The Customs Broker License Examination (CBLE) is administered semiannually in April and October. The exam consists of 80 multiple choice questions and applicants must receive a passing score of 75 percent or higher to obtain their license. 19 C.F.R. § 111.11(a)(4). Applicants who fail the examination and do not receive a passing score can retake the exam without penalty. 19 C.F.R. § 111.13(e). If an applicant does not attain a passing grade on the examination, the applicant may appeal that result administratively twice, 19 C.F.R. § 111.13(f), and subsequently seek judicial review of a final agency decision by filing an action at the U.S. Court of International Trade (USCIT) within 60 days of that decision. *See* 19 U.S.C. § 1641(e)(1); *see also* 28 U.S.C. § 2636(g). If an appeal is not filed within the sixty-day limitations period, "the decision by the [CBP] shall be final and conclusive." *See* 19 U.S.C. § 1641(e)(6).

## II.    __Factual Background__

The underlying facts of this case are set forth in *Chae v. Yellen*, 579 F. Supp. 3d 1343 (Ct. Int'l Trade 2022) (*Chae I*). For purposes of this motion, however, we provide a short factual summary of the principal facts. Mr. Chae sat for the April 2018 Customs Broker License Examination (CBLE) and initially received a score of 65 percent. *Id.* at 1349. Mr. Chae then

---

In assessing the qualifications of an applicant, [CBP] may conduct an examination to determine the applicant's knowledge of customs and related laws, regulations and procedures, bookkeeping, accounting, and all other appropriate matters.

appealed the result.  In response, CBP's Broker Management Branch (BMB) informed Mr. Chae

that it would not change the scores for the questions that he appealed, but that all examinees

would receive credit for several questions.  Consequently, Mr. Chae's score was recalculated to

67.5 percent, which was still short of the required passing score of 75 percent.  *Id*.

Mr. Chae sought review of the BMB's decision by CBP's Executive Assistant

Commissioner.  On May 23, 2019, the Executive Assistant Commissioner responded by letter

advising Mr. Chae that he would receive credit for three additional questions.  Based on these

newly credited answers, Mr. Chae's new score was adjusted to 71.25 percent, which was still not

a passing score.  *Id*.

## III.    <u>This Court's Decision In *Chae I*</u>

After exhausting his administrative remedies, Mr. Chae commenced an action in this

Court seeking review of CBP's decision to deny credit for seven questions (Nos. 5, 27, 33, 39,

43, 50 and 57) on the CBLE.  *See Chae v. U.S. Secretary of Treasury*, Court No. 20-00316,

Docket Nos. 1 and 2.  Mr. Chae moved for judgment on the agency record contesting only

Questions Nos. 5, 27, 33, 39, and 57.  *Id*. at Docket No. 39.

In *Chae I*, the Court held that CBP's decision to deny plaintiff credit for Questions 5, 27,

33, and 39 was supported by substantial evidence.  579 F. Supp. 3d at 1372.  Although the Court

held that CBP's denial of credit for Question No. 57 was not supported by substantial evidence,

Mr. Chae still did not achieve a passing score of 75%.  The Court further held that the failure to

pass the Customs Broker License Examination was a lawful basis for denying a customs broker's

license.  The Court held that CBP's decision to deny Mr. Chae a customs broker's license was

not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.  5

U.S.C. § 706.  *Id*.

**IV.**    **The Federal Circuit's Decision In *Chae I***

Plaintiff appealed this Court's judgment to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit).  *See Chae v. Yellen*, 2023 WL 307285 (Fed. Cir. Apr. 25, 2023). Plaintiff's appeal focused on the three remaining questions for which CBP denied credit, namely, Question Nos. 5, 27, and 33 of the April 2018 CBLE.  The Federal Circuit affirmed this Court's judgment on Questions No. 27 and 33 but held that CBP's denial of credit for Question No. 5 was not supported by substantial evidence.  *Id*.  The Federal Circuit further held that even with credit for Question No. 5, plaintiff could not attain a passing grade of at least 75% and that the "absence of a passing grade on the CBLE constitutes lawful grounds for denial of Mr. Chae's application for a customs broker license" and that "CBP's denial of Mr. Chae's application is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Id*.

Plaintiff next petitioned the United States Supreme Court for a writ of certiorari.  The Supreme Court denied plaintiff's petition.  *See Chae v. Yellen*, 144 S. Ct. 347 (2023).  Plaintiff then petitioned for rehearing and that petition was denied by the Supreme Court.  *See Chae v. Yellen*, 144 S. Ct. 714 (2024).

On May 8, 2024, plaintiff commenced this action by letter, *pro se*, in this Court challenging CBP's denial of credit for Question No. 27.

## SUMMARY OF THE ARGUMENT

Notwithstanding that both this Court and the Federal Circuit have already affirmed CBP's decision denying credit for Question No. 27, plaintiff seeks to relitigate its claim challenging CBP's decision on Question No. 27 in this new action.  This action involves the same parties and the same claim as in *Chae I*, and there has been two valid judgments on that claim. Consequently, plaintiff's action is barred by the doctrine of *res judicata*.  Moreover, this Court is

6

bound by the Federal Circuit's decision on Question No. 27 in *Chae I*.  Plaintiff's Complaint

should be dismissed.

## QUESTIONS PRESENTED

1.      Whether plaintiff's claim is barred by the doctrine of *res judicata* or claim

preclusion.

2.      Whether this Court is bound by the Federal Circuit's decision on Question No. 27

in *Chae I*.

## ARGUMENT

## I.      STANDARD OF REVIEW

A motion to dismiss for failure to state a claim is appropriate when a plaintiff's

allegations do not entitle it to a remedy.  *See United Pac. Ins. Co. v. United States*, 464 F.3d

1325, 1327 (Fed. Cir. 2006).  The motion "tests the legal sufficiency of a complaint," *see*

*Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002), which must be dismissed if it fails to

present a legally cognizable right of action.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007).  Dismissal is required when a complaint fails to "state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  In

deciding a motion to dismiss for a failure to state a claim, the Court must address whether there

is any set of facts that would entitle the plaintiffs to the relief that they request.  *Amoco Oil Co. v.*

*United States*, 63 F. Supp. 2d 1332, 1334-35 (Ct. Int'l Trade 1999), *aff'd,* 234 F.3d 1374 (Fed.

Cir. 2000).

## II.     PLAINTIFF'S CLAIM IS BARRED BY THE DOCTRINE OF *RES JUDICATA* OR CLAIM PRECLUSION.

A subsequent lawsuit is barred by the doctrine of *res judicata* or claim preclusion "if

there has been prior litigation (1) involving the same claims or cause of action, (2) between the

same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States,* 471 F.3d 186, 192 (D.C. Cir. 2006). "Under the doctrine of *res judicata* [claim preclusion], a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based upon the same claim or cause of action." *Golden Pac. Bancorp v. United States,* 15 F.3d 1066, 1071 (Fed. Cir. 1994) (citing 1B James W. Moore et al., Moore's Federal Practice ¶ 0.401[1] (2d ed.1993)). "[R]*es judicata* (claim preclusion) bars relitigation not only of matters determined in a previous litigation but also ones that a party could have raised." *Natural Res. Def. Council v. Thomas,* 838 F.2d 1224, 1252 (D.C. Cir. 1988).

Here, the doctrine of *res judicata* or claim preclusion precludes plaintiff from relitigating CBP's decision to deny credit for Question No. 27 of the CBLE. Specifically, this action involves the same parties and the same challenge to CBP's decision on Question No. 27 as in *Chae I. See* Court No. 20-00316, Compl., ¶¶ 32-40. Moreover, this Court issued a final valid judgment affirming CBP's decision on Question No. 27, and the Federal Circuit affirmed that judgment. Accordingly, plaintiff's Complaint is barred by *res judicata* and should be dismissed.

## III. THE FEDERAL CIRCUIT'S DECISION IN *CHAE I* IS BINDING ON THIS COURT.

The doctrine of *stare decisis* compels a lower court to abide by the legal decisions of higher courts in the same jurisdiction. *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1570 (Fed. Cir. 1993). "Adherence to precedent is 'a foundation stone of the rule of law.'" *Kisor v. Wilkie*, 588 U.S. 558, 586 (2019) (citing *Michigan v. Bay Mills Indian Community*, 572 U. S. 782, 798 (2014)). The doctrine of *stare decisis* "promotes the evenhanded, predictable, and consistent development of legal principles, fosters, reliance on judicial decision, and contributes to the actual and perceived integrity of the judicial process." *Payne v. Tenn*, 501 U.S. 808, 827 (1991).

Any departure from the doctrine of *stare decisis* "demands 'special justification'—something more than 'an argument that the precedent was wrongly decided.'"  *Kisor,* 588 U.S. at 587 (citing *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 266 (2014)).

Here*,* under the doctrine of *stare decisis,* this Court is bound by the Federal Circuit's decision in *Chae I.*  Specifically, the Federal Circuit held that "CBP's decision to deny Mr. Chae credit for his answer to Question 27 is supported by substantial evidence, and thus the CIT's decision as to this question is affirmed."  Because this Court cannot deviate from the Federal Circuit's decision, plaintiff cannot maintain a viable claim.  Accordingly, this action should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, defendant respectfully requests that the Court grant the motion to dismiss for failure to state a claim and that this action be dismissed with prejudice.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:  <u>/s/ Justin R. Miller</u>
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

<u>/s/ Marcella Powell</u>
MARCELLA POWELL
Senior Trial Counsel
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York l0278
Attorneys for Defendant

Dated: July 22, 2024          Tel. No. 212-264-9230 or 1873

10

**CERTIFICATE OF COMPLIANCE PURSUANT TO**
**USCIT STANDARD CHAMBER PROCEDURE 2(B)**

I, Marcella Powell, Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing brief, relying upon the Microsoft Word word count feature of the word processing program used to prepare the brief, certify that this brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 1906 words.

/s/ Marcella Powell