UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| BYUNGMIN CHAE, | : | |
| | : | |
| Plaintiff, | : | Court No. 24-00086 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

|  |  |
|---|---|
|  | BRIAN M. BOYNTON |
|  | Principal Deputy Assistant Attorney General |
|  |  |
|  | PATRICIA M. McCARTHY |
|  | Director |
|  |  |
|  | JUSTIN R. MILLER |
|  | Attorney-In-Charge |
|  | International Trade Field Office |
|  |  |
|  | MARCELLA POWELL |
| Of Counsel: | Senior Trial Counsel |
| Yelena Slepak | Civil Division, U.S. Dept. of Justice |
| Office of the Assistant Chief Counsel | Commercial Litigation Branch |
| International Trade Litigation | 26 Federal Plaza, Room 346 |
| U.S. Customs and Border Protection | New York, New York 10278 |
|  | Tel. (212) 264-9230 or 1873 |
| Dated: August 30, 2024 | Attorneys for Defendant |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 2

ARGUMENT ................................................................................................................................ 3

   I.   PLAINTIFF'S CLAIM IS BARRED BY THE DOCTRINE OF *RES JUDICATA* OR
       CLAIM PRECLUSION ................................................................................................... 3

CONCLUSION ............................................................................................................................. 5

## TABLE OF AUTHORITIES

**CASES**

*Allen v. McCurry,*
  449 U.S. 90, 94 (1980) ................................................................................................... 4

*Baptiste v. Doe*,
  680 F. Supp. 3d 186, 190 (N.D.N.Y. 2023) .............................................................. 2, 3, 4

*Chae v. Yellen*,
  579 F. Supp. 3d 1343 (2022), *aff'd*, *Chae v. Yellen*, 2023 WL 307285 (Fed. Cir. Apr. 25,
  2023), *cert. denied*, 144 S. Ct. 347 (Oct. 30, 2023), *reh'g denied*, 144 S. Ct. 714 (Jan. 22,
  2024) ............................................................................................................................... 2

*Corley v. Farrell*,
  833 Fed. App'x 908, 909 (2d Cir. 2021) ......................................................................... 4

*Cromwell v. Count of Sac*,
  94 U.S. 351, 352 (1876) .................................................................................................. 4

*Federated Dep't Stores, Inc. v. Moitie*,
  452 U.S. 394, 398 (1981) ................................................................................................ 4

*Lewis v. Drug Enforcement Admin.*,
  777 F. Supp. 2d 151, 159 (D.D.C. 2011) ........................................................................ 4

*Smalls v. United States,*
  471 F.3d 186, 192 (D.C. Cir. 2006) ................................................................................ 4

*Stanton v. D.C. Ct. of Appeals*,
  127 F.3d 72, 77 (D.C. Cir. 1997) .................................................................................... 4

**STATUTES AND REGULATIONS**

19 C.F.R. § 145.2 .................................................................................................................... 3

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| BYUNGMIN CHAE, | : |
| Plaintiff, | : Court No. 24-00086 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF IT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant, the United States (the Government), submits this reply memorandum in support of its motion to dismiss this action for failure to state a claim pursuant to Rule 12(b)(6) of the Rules of the U.S. Court of International Trade.

We wish to offer our profuse apology for our non-compliance with the Court's Rule 16 Letter. The Court asked the parties to file a proposed schedule for this case by August 5th, and we did not file a proposed schedule or a procedural motion relieving us of that obligation, by that date. With this reply brief, we respectfully ask for the Court's leave to accept the attached proposed schedule (Exhibit A), and again offer our apologies.

**INTRODUCTION**

In our moving brief, we established that the requirements for the application of *res judicata* have been met and that this action should be dismissed. Specifically, this action involves the same parties and same challenge to U.S. Customs and Border Protection's (CBP) denial of a customs license as in *Chae v. Yellen*, 579 F. Supp. 3d 1343 (2022), *aff'd*, *Chae v.*

2

*Yellen*, 2023 WL 307285 (Fed. Cir. Apr. 25, 2023), *cert. denied*, 144 S. Ct. 347 (Oct. 30, 2023), *reh'g denied*, 144 S. Ct. 714 (Jan. 22, 2024) (*Chae I*). Indeed, in *Chae I*, plaintiff sought judicial review of CBP's decision to deny credit for seven questions (Nos. 5, 27, 33, 39, 43, 50 and 57) on the Customs Broker License Examination (CBLE). Plaintiff later limited the scope of his action to only five questions (Question Nos. 5, 27, 33, 39, and 57). This Court and the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) issued valid judgments on the merits of plaintiff's claim in *Chae I*. Plaintiff seeks to avoid *res judicata* by arguing that the nature of his claim in this second action (seeking credit for Question No. 27 on the CBLE) is materially different than his claim in *Chae I*. Specifically, in this action, plaintiff claims, for the first time, that the regulation that provided the basis for CBP's response to Question No. 27, 19 C.F.R. § 145.2, is flawed, and therefore plaintiff should be granted credit for that question. *See* Docket No. 2, Compl; Docket No. 11, Letter. Plaintiff cannot avoid the preclusive effect of *res judicata* as the doctrine applies to arguments or claims that were or *could have been raised in the prior action*. Plaintiff could have raised concerns about the propriety of section 145.2 in *Chae I*. Accordingly, plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## ARGUMENT

I.  **PLAINTIFF'S CLAIM IS BARRED BY THE DOCTRINE OF *RES JUDICATA* OR CLAIM PRECLUSION.**

Plaintiff argues that his new challenge to Question No. 27 in this action is not barred by the doctrine of *res judicata* because it differs materially from his prior challenge to that question in *Chae I*. *See* Docket No. 11, Letter. Specially, in this action, plaintiff argues that 19 C.F.R. § 145.2, which is the regulation that provided the basis for CBP's response to Question No. 27, is flawed and, therefore, he should be given credit for that question. *See* Docket No. 2, Compl. and

3

Docket No. 11, Letter. Although plaintiff has seemingly reframed his challenge to Question No. 27, the doctrine of *res judicata* still applies here.

As we established in our moving brief, the doctrine of *res judicata* bars a subsequent lawsuit "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States,* 471 F.3d 186, 192 (D.C. Cir. 2006). Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties from "relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Allen v. McCurry,* 449 U.S. 90, 94 (1980) (citing *Cromwell v. Count of Sac*, 94 U.S. 351, 352 (1876)). The significance of *res judicata* is that it relieves parties of the cost of multiple lawsuits, conserves judicial resources, and encourages "reliance on adjudication," and can be raised by a party or *sua sponte* by the court. *Id*. *See also Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997) ("[R]es judicata belongs to courts as well as to litigants . . . ."); *Baptiste v. Doe*, 680 F. Supp. 3d 186, 190 (N.D.N.Y. 2023) (citing *Corley v. Farrell*, 833 Fed. App'x 908, 909 (2d Cir. 2021) (citations omitted)) (court may invoke the doctrine of *res judicata sua sponte* to promote judicial economy but is not obligated to do so).

Plaintiff's action is barred by *res judicata*. In *Chae I*, plaintiff had a fair and full opportunity to litigate all of the challenged questions in that case, and plaintiff could have asserted an argument regarding the legality of 19 C.F.R. § 145.2 in that action. Indeed, plaintiff had the opportunity to present arguments in its motion for judgment on the agency record and at oral argument on that motion. Plaintiff also had the opportunity to present arguments in support

4

of his Federal Circuit appeal.[1]  The doctrine of *res judicata* therefore precludes Mr. Chae from raising those arguments in this action.  Accordingly, plaintiff's action should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons and the reasons provided in our moving brief, defendant respectfully requests that the Court grant the motion to dismiss for failure to state a claim and that this action be dismissed with prejudice.

                                              Respectfully submitted,

                                              BRIAN M. BOYNTON
                                              Principal Deputy Assistant Attorney General

                                              PATRICIA M. McCARTHY
                                              Director

                                   By:  /s/ Justin R. Miller
                                              JUSTIN R. MILLER
                                              Attorney-In-Charge
                                              International Trade Field Office

                                              /s/ Marcella Powell
                                              MARCELLA POWELL
                                              Senior Trial Counsel
                                              Civil Division, Dept. of Justice
                                              Commercial Litigation Branch
                                              26 Federal Plaza, Room 346
                                              New York, New York l0278
                                              Attorneys for Defendant
Dated: August 30, 2024                   Tel. No. 212-264-9230 or 1873

---

[1] The Court can take judicial notice of the "public records from other court proceedings." *Lewis v. Drug Enforcement Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011).

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| BYUNGMIN CHAE, | : | |
| | : | |
| Plaintiff, | : | Court No. 24-00086 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

**CERTIFICATE OF COMPLIANCE PURSUANT TO**
**USCIT STANDARD CHAMBER PROCEDURE 2(B)**

    I, Marcella Powell, Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing brief, relying upon the Microsoft Word word count feature of the word processing program used to prepare the brief, certify that this brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 973 words.

                                                            /s/ Marcella Powell