FORM 1. Notice of Appeal from a United States Federal Court (District Court, Court of Appeals for     **Form 1**
Veterans Claims, Court of Federal Claims (non-vaccine appeals), and Court of International Trade)    **March 2023**

## UNITED STATES

---

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that the appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Case number being appealed: __1- 24-cv-00086 - TMR__

Case title being appealed: __Byungmin Chae__ v. __United States__

Date of final judgment or order being appealed: __11 / 13 / 2024__

**List all Appellants** (List each party filing this appeal. Do not use "et al." or other abbreviations. Attach continuation pages if necessary.)

- Byungmin Chae (plaintiff)
- Marcella Powell (Senior Counsel, US. Dept of Justice)
  ↳ CBP Representative
- Court of International Trade (Judge : Timothy)

Date: __1 / 6 / 2025__

Signature: __Byungmin Chae__

Name: __Byungmin Chae__

Address: __3638 S. 205th St.__

__Elkhorn, NE 68022__

Phone Number: __646- 678 - 0066__

Email Address: __benchaeny@gmail.com__

attachment #1

Greetings,

I hope this letter finds you well

In response to the court ruling dated on November 13, 2024 for the case 24-00086 the plaintiff, Byungmin Chae, would like to bring to your attention the following discoveries

1.  Eligibility

    The defendant was supposed to confer and file with the clerk of the court no later than August 5, 2024 the proposed scheduling order. And in the event that the parties were unable to agree each party should file a proposed scheduling order no later than August 5, 2024 and schedule a conference call with chambers by contacting the case manager by August 6, 2024. The plaintiff followed the guidelines of the court as noted while the defendant failed to submit any of those court-mandated documents by the deadline assigned from the court and did not comply with the court order. This is the obvious act of the ignorance and disregard to the court order and the defendant lost its privilege of defending its claim in the course of the filed action and cannot be treated with the same in the case. Please see the attachment #1

2.  The deficiency in the claim preclusion requirements

    Out of three requirements for the claim preclusion I agree with what the court stated the first requirement "(1) the parties in both suits are identical" and second requirement "(2) the first suit reached a final judgment on the merits".  However, the third requirement "the second suit is based on the same set of the transactional facts as in the first suit" needs to be reviewed in the following respects

1)  In the second suit the plaintiff paid the detailed attention to the discrepancy of the 19 CFR 145.2 mail subject to customs examination.

§ 145.2 Mail subject to Customs examination.

(a) *Restrictions.* Customs examination of mail as provided in paragraph (b) of this section is subject to the restrictions and safeguards relating to the opening of letter class mail set forth in § 145.3.

(b) *Generally.* All mail arriving from outside the Customs territory of the United States which is to be delivered within the Customs territory of the United States and all mail arriving from outside the U.S. Virgin Islands which is to be delivered within the U.S. Virgin Islands, is subject to Customs examination, except:

(1) Mail known or believed to contain only official documents addressed to officials of the U.S. Government;

(2) Mail addressed to Ambassadors and Ministers (Chiefs of Diplomatic Missions) of foreign countries; and

(3) Letter class mail known or believed to contain only correspondence or documents addressed to diplomatic missions, consular posts, or the officers thereof, or to international organizations designated by the President as public international organizations pursuant to the International Organizations Act (see § 148.87(b) of this chapter). Mail, other than letter class mail, addressed to the designated international organizations is subject to Customs examination except where the organization certifies under its official seal that the mail contains no dutiable or prohibited articles. Any Customs examination made shall, upon request of the addressee international organization, take place in the presence of an appropriate representative of that organization.

The plaintiff pointed out the first discrepancy in the general statement of (b) as highlighted in regards to the definition of the customs territory which did not include the U.S. Virgin Islands. This discrepancy was not covered in my first case with the court of international trade and **presented in the second suit for the first time**.

2) The definition of the U.S. government in insular possession in 10 CFR 145.2 (b) (1) as below **was not mentioned in the first case** with the court of the international trade at all

§ 145.2 Mail subject to Customs examination.

(a) *Restrictions.* Customs examination of mail as provided in paragraph (b) of this section is subject to the restrictions and safeguards relating to the opening of letter class mail set forth in § 145.3.

(b) *Generally.* All mail arriving from outside the Customs territory of the United States which is to be delivered within the Customs territory of the United States and all mail arriving from outside the U.S. Virgin Islands which is to be delivered within the U.S. Virgin Islands, is subject to Customs examination, except:

(1) Mail known or believed to contain only official documents addressed to officials of the U.S. Government;

(2) Mail addressed to Ambassadors and Ministers (Chiefs of Diplomatic Missions) of foreign countries; and

(3) Letter class mail known or believed to contain only correspondence or documents addressed to diplomatic missions, consular posts, or the officers thereof, or to international organizations designated by the President as public international organizations pursuant to the International Organizations Act (see § 148.87(b) of this chapter). Mail, other than letter class mail, addressed to the designated international organizations is subject to Customs examination except where the organization certifies under its official seal that the mail contains no dutiable or prohibited articles. Any Customs examination made shall, upon request of the addressee international organization, take place in the presence of an appropriate representative of that organization.

§ 7.2 Insular possessions of the United States other than Puerto Rico.

(a) Insular possessions of the United States other than Puerto Rico are also American territory but, because those insular possessions are outside the customs territory of the United States, goods

Once again let me remind the court of appeals for the federal circuit that my case with the court of international trade mainly concerns the applicability of the regulation and is not based on the same set of transactional facts as noted in the first case. And this is why I claim the third requirement for the claim preclusion does not form the third requirement to qualification. I am well aware that this case has been the time consuming process for the last 6 years but I would appreciate your assistance to bring this matter to the justice.

# UNITED STATES COURT OF INTERNATIONAL TRADE

BYUNGMIN CHAE,

     Plaintiff,

v.

UNITED STATES,

     Defendant.

Before: Timothy M. Reif, Judge

Court No. 24-00086

## ORDER

Upon consideration of defendant's motion to stay the proceedings pending the

resolution of defendant's motion to dismiss, and in view of other papers and

proceedings had herein, it is hereby

     ORDERED that defendant's motion 1 ~~defendant failed to Submit!!~~ D.

Dated: August 13, 2024
     New York, New York

*my position to Res Judicata*

## CASE NO. 1:24-CV-00086-TMR / BYUNGMIN CHAE V. UNITED STATES[1]

### Case Initiating Documents

Plaintiff commenced the case with summons (letter)

Issue: Question 27 of 04/2018 CBLE

> **27. Which of the following mail articles are not subject to examination or inspection by Customs?**
>
> A. Bona-fide gifts with an aggregate fair retail value not exceeding $800 in the country of shipment
> B. Mail packages addressed to officials of the U.S. Government containing merchandise
> C. Diplomatic pouches bearing the official seal of France and certified as only containing documents
> D. Personal and household effects of military and civilian personnel returning to the United States upon the completion of extended duty abroad
> E. Plant material imported by mail for purposes of immediate exportation by mail

P's argument: controversial issues:

❖ Examination answer is focused only on customs territory of the US.  19 CFR 145.2
❖ USVI is outside of the scope of 19 CFR 145.2
❖ US Govt. officials in the U.S. territories are outside of the scope of 19 CFR 145.2

### D's Motion to Extend Time (Doc. No. 5)

P's action is barred by doctrine of *stare decisis*:

❖ CIT Ruled that CBP's decision to deny credit for Question No. 27 was supported by substantial evidence. Chae v. Yellen, 579 F. Supp. 3d 1343, 1361 (Ct. Int'l Trade 2022) ( . . . "Customs' decision to deny plaintiff credit for question 27 was supported by substantial evidence.")
❖ On appeal, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) affirmed this Court's decision. Chae v. Yellen, 2023 WL 3072385 (Fed. Cir. Apr. 25, 2023 ("We affirm the CIT's decision on Questions 27 and 33."), cert denied, 144 S. Ct. 347 (2023).

### D's Motion to Dismiss (Doc. No. 7) → Rule 12(b)(6)

***Res Judicata / Claim Preclusion:***

❖ This action involves the same parties and the same claim as in Chae I, and there has been two valid judgments on that claim. Consequently, plaintiff's action is barred by the doctrine of res judicata

---

[1] https://ecf.cit.uscourts.gov/cgi-bin/DktRpt.pl?707984154259994-L_1_0-1

Law cited by Def.:

- ❖ A subsequent lawsuit is barred by the doctrine of res judicata or claim preclusion "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006).
- ❖ "Under the doctrine of res judicata [claim preclusion], a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based upon the same claim or cause of action." Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1071 (Fed. Cir. 1994) (citing 1B James W. Moore et al., Moore's Federal Practice ¶ 0.401[1] (2d ed.1993)).
- ❖ "[R]es judicata (claim preclusion) bars relitigation not only of matters determined in a previous litigation but also ones that a party could have raised." Natural Res. Def. Council v. Thomas, 838 F.2d 1224, 1252 (D.C. Cir. 1988).

> This Court issued a final valid judgment affirming CBP's decision on Question No. 27, and the Federal Circuit affirmed that judgment. Accordingly, plaintiff's Complaint is barred by res judicata and should be dismissed.

## Stare Decisis:

- ❖ CIT is bound by the Federal Circuit's decision on Question No. 27 in Chae I.

Law cited by Def.:

- ❖ The doctrine of stare decisis compels a lower court to abide by the legal decisions of higher courts in the same jurisdiction. Mendenhall v. Cedarapids, Inc., 5 F.3d 1557, 1570 (Fed. Cir. 1993).
- ❖ "Adherence to precedent is 'a foundation stone of the rule of law.'" Kisor v. Wilkie, 588 U.S. 558, 586 (2019) (citing Michigan v. Bay Mills Indian Community, 572 U. S. 782, 798 (2014)).
- ❖ The doctrine of stare decisis "promotes the evenhanded, predictable, and consistent development of legal principles, fosters, reliance on judicial decision, and contributes to the actual and perceived integrity of the judicial process." Payne v. Tenn, 501 U.S. 808, 827 (1991).
- ❖ Any departure from the doctrine of stare decisis "demands 'special justification'—something more than 'an argument that the precedent was wrongly decided.'" Kisor, 588 U.S. at 587 (citing Halliburton Co. v. Erica P. John Fund, Inc., 573 U.S. 258, 266 (2014)).

> Federal Circuit held that "CBP's decision to deny Mr. Chae credit for his answer to Question 27 is supported by substantial evidence, and thus the CIT's decision as to this question is affirmed."

## D's Motion to Stay (Doc. No. 10)

P's action is barred by doctrine of *res judicata*:

- ❖ this action involves the same parties and the same claim as in Chae I[2]
- ❖ there has been two valid judgments on that claim

---

[2] Chae v. Yellen, 579 F. Supp. 3d 1343 (Ct. Int'l Trade 2022), aff'd, Chae v. Yellen, 2023 WL 307285 (Fed. Cir. Apr. 25, 2023)

**Opposition to Def.'s Motion to Dismiss (Doc. No. 11)**

P reiterates:

❖ the deficiency of consistency or the "discrepancy" in the 19 CFR 145.2(b) with respect to customs territory
❖ possibility of the exception in the regulation which lead the plaintiff to believe in the vulnerability of the regulation
❖ Regulation is itself improperly written.

Additional Claim:

❖ Def. failed to comply with the scheduling order

**Conf. with the Judge (Doc. No. 13)**

P goes for confusing regulation, making it invalid

Judge acknowledges the argument, but attempts to pin P as to why that "new" argument was not brought in to the Court's attention in the first place.

Court narrowed the issue to the following:

❖ Whether the challenge you're bringing to question 27 now, could have been brought when you first brougth this case to the Court

**Def.'s Reply Brief in Supp. of Mot. to Dismiss**

Narrows the issue to 19 CFR 145.2:

❖ Specifically, in this action, plaintiff claims, for the first time, that the regulation that provided the basis for CBP's response to Question No. 27, 19 C.F.R. § 145.2, is flawed, and therefore plaintiff should be granted credit for that question.
❖ Plaintiff cannot avoid the preclusive effect of *res judicata* as the doctrine applies to arguments or claims that were or *could have been raised in the prior action*.
❖ Plaintiff could have raised concerns about the propriety of section 145.2 in Chae I.

Cites the Following Law:

❖ The doctrine of res judicata bars a subsequent lawsuit "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006).
❖ Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties from "relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Allen v. McCurry, 449 U.S. 90, 94 (1980) (citing Cromwell v. Count of Sac, 94 U.S. 351, 352 (1876)).

Gov. admits that P' could have raised that issue before CAFC:

❖ Plaintiff also had the opportunity to present arguments in support of his Federal Circuit appeal.

<strong>Court's Order Dimsissing the Action (Doc. No. 15)</strong>

**Holding**: Because plaintiff's arguments in the instant action could have been raised in Chae I, plaintiff's claim is barred by claim preclusion.

**Law**:

❖ Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980) (citing Cromwell v. Cnty. of Sac, 94 U.S. 351, 352 (1876)); Brown v. Felsen, 442 U.S. 127, 131 (1979) (("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.")

❖ Golden Pac. Bancorp. v. United States, 15 F.3d 1066, 1071 (Fed. Cir. 1994)

❖ The party asserting claim preclusion is required to show that: (1) the parties in both suits are identical; (2) the first suit reached a final judgment on the merits; and (3) the second suit is based on the same set of transactional facts as in the first suit. Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1362 (Fed. Cir. 2000) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979)); see also Young Eng'rs, Inc. v. U.S. Int'l Trade Comm'n, 721 F.2d 1305, 1314 (Fed. Cir. 1983) (citing Restatement (Second) of Judgments § 13 (1982)); Apotex, Inc. v. FDA, 393 F.3d 210, 217 (D.C. Cir. 2004) ("[A] judgment on the merits in a prior suit bars a second suit involving identical parties . . . based on the same cause of action.").

❖ A transaction is characterized as having "the same, or nearly the same factual allegations" or "the same nucleus of operative facts." Herrmann v. Cencom Cable Assocs., Inc., 999 F.2d 223, 226 (7th Cir. 1993) (first quoting Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 521 (1986); and then quoting Lane v. Peterson, 899 F.2d 737, 744 (8th Cir. 1990)).

❖ New events or facts arising after the first suit are not part of the same "operative nucleus of facts." Ammex, Inc. v. United States, 334 F.3d 1052, 1057 (2003) (citing Herrmann, 999 F.2d at 226); see also E.I du Pont de Nemours & Co. v. United States, 32 CIT 476, 489, 561 F. Supp. 2d 1320, 1331 (2008) (explaining that claim preclusion did not apply because the first suit concerned "a judicial challenge to a different administrative determination by Customs" than in the second suit).

❖ Claim preclusion does not bar **claims that could not have been anticipated when the first suit was filed** or "would have been **utterly impracticable**" to raise at the time. U.S. Indus., Inc. v. Blake Const. Co., 765 F.2d 195, 205 n.21 (D.C. Cir. 1985); see also Apotex, 393 F.3d at 212 (acknowledging how "there has been no intervening change in the law[,] and there have been no material changes in the facts").

**Application**:

❖ Plaintiff does not provide to the court any new facts that arose after his initial action reached a final judgment.

❖ Plaintiff only supplements his earlier arguments in Chae I.

-5-

**Previous v. Present Claim**

In Chae I, plaintiff presented an argument concerning the definition of mail packages. See Chae I, 46 CIT at , 579 F. Supp. 3d at 1359 (citing 19 C.F.R. § 145.2(b); 19 C.F.R. § 145.37).

In the instant case, plaintiff attempts to explain the inconsistent definition of "Customs territory." Compl. at 1; see also 19 C.F.R. § 145.2(b); 19 C.F.R. § 101.1.

## RES JUDICATA (CLAIM PRECLUSION) PRINCIPLES

Res judicata bars not only those claims that were litigated but also those that could have been litigated.[1]

Res judicata applies where: (1) the parties were identical; (2) the subject matter was identical; (3) the issues were the same and related to the subject matter; and (4) the capacities of the persons were identical in reference to both the subject matter and the issues between them.[2]

❖ Concept of the same issues depends on level of generality
❖ CIT addresses them under the rubic of "the same set of transactional facts as in the first suit."

For the doctrine of res judicata to apply: (1) the parties in the new litigation are the same or in privity with the parties to the earlier dispute; (2) the claim[3] presented in the current action is identical to the one determined in the prior adjudication; and (3) there was a valid final judgment on the merits.[4]

❖ Concept of identical claim

Within the general doctrine of res judicata, there are two principal categories or branches: (1) claim preclusion also known as res judicata; and (2) issue preclusion also known as collateral estoppel.[5]

Res judicata (or claim preclusion) and collateral estoppel (or issue preclusion) are related but independent preclusion concepts that involve distinct questions of law.[6]

One court explains that under "claim preclusion" a judgment forecloses litigation of a matter that should have been advanced in an earlier suit, while under "issue preclusion" a judgment forecloses relitigation of a matter that has been litigated and decided.[7]

| Res Judicata (Claim Preclusion) | Collateral Estoppel (Issue Preclusion) |
|---|---|
| Forecloses litigation of the matter that should have been advanced in an earlier suit | Forecloses relitigation of a matter that has been litigated and decided |
| | Narrower principle then res judicata |
| | One who has actually litigated an issue should not be allowed to relitigate it |
| | *See* 46 Am. Jur. 2d Judgments § 468 for elements |

❖ It may be advantageous for client to focus the argument on the Courts incorrect reading of govt.'s spin of client's claim as res judicata, while in fact they were discussin collateral estoppel.

### Res Judicata Limitation: Interests of Justice

---

[1] 82 Am. Jur. 2d Wrongful Discharge § 180
[2] 46 Am. Jur. 2d Judgments § 442
[3] Claim is defined as "A demand for money, property, or a legal remedy to which one asserts a right; esp., the part of a complaint in a civil action specifying what relief the plaintiff asks for." CLAIM, Black's Law Dictionary (12th ed. 2024)
[4] 46 Am. Jur. 2d Judgments § 442
[5] 46 Am. Jur. 2d Judgments § 443
[6] 46 Am. Jur. 2d Judgments § 443
[7] 46 Am. Jur. 2d Judgments § 443

The doctrine of res judicata is not absolute; a court should not adhere to the doctrine where its application would work an injustice.[8]

❖ Situations may arise which call for exceptions to the application of the doctrine, such as where the party against whom the earlier decision is asserted did not have a full and fair opportunity to litigate that issue in the earlier case.[9]
    → Effective legal assistance (conf. call, where Judge thought that the counsel for client was very good).

The judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme.[10]

## Res Judicata Limitation: Strict Application

Claim preclusion is strictly applied.[11]

❖ Problem: authority varies on that point. *See* 46 Am. Jur. 2d Judgments § 449.

## Res Judicata Problem: Applies Whether Relitigation of the Claim Raises the Same Issues as the Earlier Suit

Res judicata or claim preclusion thus prevents a litigant from reasserting or relitigating a claim that has already been decided on the merits, by a court of competent jurisdiction, whether relitigation of the claim raises the same issues as the earlier suit.[12]

❖ Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.[13]

## Res Judicata Problem: Should Have Been Litigated

Res judicata or claim preclusion bars the litigation of not only issues that were actually litigated, but also issues that could have been litigated, might have been litigated, or should have been litigated in the

---

[8] 46 Am. Jur. 2d Judgments § 449 citing Crocker Investments, Inc. v. Statesman Life Ins. Co., 515 So. 2d 1305 (Fla. 3d DCA 1987).

[9] 46 Am. Jur. 2d Judgments § 449, citing Allen v. McCurry, 449 U.S. 90, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980); People v. Moore, 138 Ill. 2d 162, 149 Ill. Dec. 278, 561 N.E.2d 648 (1990); Jordan v. Lamb, 392 N.W.2d 607 (Minn. Ct. App. 1986).

[10] Restatement (Second) of Judgments § 26 (1982)

[11] 46 Am. Jur. 2d Judgments § 449, citing Gunter v. Winders, 253 N.C. 782, 117 S.E.2d 787 (1961).

[12] 46 Am. Jur. 2d Judgments § 452

[13] New Hampshire v. Maine, 532 U.S. 742, 748–49, 121 S. Ct. 1808, 1814, 149 L. Ed. 2d 968 (2001).

original suit or former proceedings. In this respect, res judicata, or claim preclusion, is a broader remedy than collateral estoppel, which applies only to issues that were actually litigated.[14]

## Res Judicata: Nucleus of Operative Facts

CIT cited to E.I. du Pont de Nemours & Co. v. U.S., which held that res judicata is not applicable to the same drawback entry that arose from a judicial challenge to a different administrative determination by CBP

Claim I: Denial of protest for reliquidation of drawback entry (Customs is instructed to approve the proposed drawback contract as revised by DuPont on or about March 4, 1994, reliquidate the drawback entry, and pay DuPont's drawback claim)

Claim II: Denial of protest challenging the issues of: Inconsistent application of the drawback statute; Application of relative value in apportionment, not relative weight

❖  Look for determinations on prior CBLEs involving the same question.

## Earlier Decision of CIT: Chae v. Yellen[15]

### B. Question 27

Second, plaintiff appeals Customs' decision to deny plaintiff credit for question 27 on the April 2018 exam.  *See* Pl. Br. at 5. Question 27 states:

Which of the following mail articles are not subject to examination or inspection by Customs?

A. Bona-fide gifts with an aggregate fair retail value not exceeding $800 in the country of shipment

B. Mail packages addressed to officials of the U.S. Government containing merchandise

C. Diplomatic pouches bearing the official seal of France and certified as only containing documents

D. Personal and household effects of military and civilian personnel returning to the United States upon the completion of extended duty abroad

E. Plant material imported by mail for purposes of immediate exportation by mail

### 1. Positions of the parties

Customs designated answer choice (C) as the correct response to question 27. See Def. Resp. Br. at 10. Plaintiff selected answer choice (B), but does not contest that answer choice (C) is correct. See Pl. Br. at

---

[14] 46 Am. Jur. 2d Judgments § 454

[15] Chae v. Yellen, 579 F. Supp. 3d 1343, 1358–59 (Ct. Int'l Trade 2022), aff'd, No. 2022-2017, 2023 WL 3072385 (Fed. Cir. Apr. 25, 2023)

6. Accordingly, the parties dispute only whether Customs' decision to deny plaintiff credit for his selection of answer choice (B) was supported by substantial evidence. See id.; Def. Resp. Br. at 11-12.

Plaintiff advances two arguments with respect to question 27. First, plaintiff contends that question 27 is ambiguous because the question does not indicate "where the mail packages are coming from." Pl. Br. at 6. Answer choice (B) points to "[m]ail packages addressed to officials of the U.S. Government containing merchandise." Am. Admin. R., Ex. N, at *13. Plaintiff argues that if the mail packages are sent from a domestic source, then the packages described in this answer choice would not be subject to examination or inspection by Customs. See Pl. Br. at 6. Without this information, however, plaintiff argues that the question is ambiguous. See id.

Second, plaintiff contends that answer choice (B) also is correct. See id.; Pl. Reply Br. at 6. In support of this contention, plaintiff points to two of Customs' regulations. See Pl. Br. at 6. To start, 19 C.F.R. § 145.2(b)(1) provides that "[m]ail known or believed to contain only official documents addressed to officials of the U.S. Government" is not "subject to Customs examination." Plaintiff next turns to 19 C.F.R. § 145.37. See Pl. Reply Br. at 6. This regulation provides that certain "[b]ooks ... and engravings, etchings, and other articles ... shall be passed free of duty without issuing an entry when they are addressed to the Library of Congress or any department or agency of the U.S. Government." Id. (quoting 19 C.F.R. § 145.37(b)). Plaintiff contends that the articles described in 19 C.F.R. § 145.37(b) constitute "[m]ail packages addressed to officials of the U.S. Government containing merchandise" that shall be passed free of duty. See id.; Am. Admin. R., Ex. N, at *13. On this basis, plaintiff argues that answer choice (B) is correct. See Pl. Br. at 6; Pl. Reply Br. at 6-7.

Defendants contest both of plaintiff's arguments. See Def. Resp. Br. at 10-12. First, defendants challenge plaintiff's contention that the mail articles described in question 27 might be sent from a domestic source. See id. at 11-12. According to defendants, question 27 "reasonably assumes that all mail articles identified are imported into the United States" because "[i]f the merchandise was not imported ... then custom laws would not apply" to the question. Id. at 11. Defendants argue that the question and answer choice (B) as drafted reasonably "test the [applicant's] ability to distinguish between imports that require examination or inspection and those that do not." Id.

Second, defendants challenge plaintiff's reliance upon 19 C.F.R. § 145.2(b)(1) and 19 C.F.R. § 145.37. See id. at 10-11. With respect to 19 C.F.R. § 145.2(b)(1), defendants note that this provision excepts from examination by Customs "[m]ail known or believed to contain only official documents addressed to officials of the U.S. Government." See id. at 11 (citing 19 C.F.R. § 145.2(b)(1)) (emphasis in original). According to defendants, the plain language of this provision contradicts plaintiff's conclusion that "[m]ail packages addressed to officials of the U.S. Government containing merchandise" are not subject to examination or inspection by Customs. Am. Admin. R., Ex. N, at *13 (emphasis supplied); see Def. Resp. Br. at 11.

Defendants then turn to 19 C.F.R. § 145.37. See Def. Resp. Br. at 11. Defendants raise two points with respect to this regulation. First, defendants note that 19 C.F.R. § 145.37(c) distinguishes mail articles that contain "only official documents" from articles that contain "merchandise." See id. According to defendants, this regulation provides that articles that contain "only official documents[ ] shall be passed free of duty without issuing an entry." 19 C.F.R. § 145.37(c). In contrast, defendants note that articles that contain "merchandise[ ] shall be treated in the same manner as other mail articles of merchandise." Id. Accordingly, defendants assert that 19 C.F.R. § 145.37(c) indicates that articles that contain

"merchandise" shall be subject to examination by Customs. See Def. Resp. Br. at 11. On this basis, defendants contend that answer choice (B) is not correct. See id. at 10-12.

In the alternative, defendants note that 19 C.F.R. § 145.37 does not concern "Customs' examination" of the subject articles, but rather concerns how the articles "should be treated ... for duty purposes." Oral Arg. Tr. at 27:12-16. According to defendants, the articles described in 19 C.F.R. §§ 145.37(b) and (c) "still would be subject to Customs' examination" even if those articles are "passed free of duty." Id. at 27:13-14; 19 C.F.R. § 145.37(b)-(c). On this basis, defendants contend that 19 C.F.R. § 145.37 is not responsive to question 27 and consequently does not support plaintiff's selection of answer choice (B). See Def. Resp. Br. at 11; Oral Arg. Tr. at 27:12-16.

Accordingly, defendants argue that Customs' decision to deny plaintiff credit for question 27 was supported by substantial evidence. See Def. Resp. Br. at 12.

2. Analysis

Customs' decision to deny plaintiff credit for question 27 was supported by substantial evidence.

To start, Customs determined reasonably that question 27 presumes that the mail articles described in the question are imported into the United States. This presumption is reasonable based on the fact that the CBLE is designed to examine an applicant's ability to interpret and apply "customs and related laws, regulations and procedures." Rudloff, 19 C.I.T. at 1249 (citing 19 U.S.C. § 1641(b)(2)). Without the presumption that the mail articles described in question 27 are imported into the United States, the foregoing authorities would not apply to this question. In view of the purpose of the CBLE, Customs engaged in "reasoned decision-making" in concluding that question 27 is drafted in a manner that indicates Customs' intention to examine whether an applicant is able to distinguish imports that are subject to examination or inspection by Customs from imports that are not subject to such examination or inspection. Harak, 30 C.I.T. at 919. For this reason, the court accords Customs a "measure of deference" with respect to Customs' "design" of question 27 and concludes that the question is not ambiguous. Dunn-Heiser, 29 C.I.T. at 556, 374 F. Supp. 2d at 1280.

Next, Customs determined reasonably that 19 C.F.R. § 145.2(b)(1) and *1361 19 C.F.R. § 145.37 do not support plaintiff's conclusion that answer choice (B) is correct. 19 C.F.R. § 145.2(b)(1) excepts from examination by Customs "[m]ail known or believed to contain only official documents addressed to officials of the U.S. Government." 19 C.F.R. § 145.2(b)(1) (emphasis supplied). This regulation does not except from examination or inspection by Customs the articles described in answer choice (B) — "[m]ail packages addressed to officials of the U.S. Government containing merchandise." Am. Admin. R., Ex. N, at *13 (emphasis supplied). Further, "official documents" under 19 C.F.R. § 145.2(b)(1) do not constitute "merchandise" within the meaning of Customs' regulations. See, e.g., 19 C.F.R. § 145.37(c) (distinguishing mail articles that contain "official documents" from mail articles that contain "merchandise"). Accordingly, the plain language of 19 C.F.R. § 145.2(b)(1) contradicts plaintiff's argument with respect to his selection of answer choice (B).

Turning to 19 C.F.R. § 145.37, this provision is not responsive to question 27, which instructs the applicant to determine "[w]hich of the following mail articles are not subject to examination or inspection by Customs." Am. Admin. R., Ex. N, at *13 (emphasis supplied). 19 C.F.R. § 145.37 does not address whether certain mail articles are subject to "examination" or "inspection" by Customs. Rather,

this provision addresses whether the articles "shall be passed free of duty without issuing an entry." 19 C.F.R. § 145.37(b)-(c). Whether an article "shall be passed free of duty" is a distinct question from whether an article "shall be subject to examination or inspection by Customs." Id.; Am. Admin. R., Ex. N, at *13. On this basis, 19 C.F.R. § 145.37 does not support plaintiff's selection of answer choice (B).

Accordingly, Customs' decision to deny plaintiff credit for question 27 was supported by substantial evidence.

## Res Judicata: Changed Circumstances

*United States v. Baxter*: 3d Cir. upheld USVI/Mainland border searches in 2020

RECEIVED & FILED

2025 JAN 13 P 2: 50

U.S. COURT OF
INTERNATIONAL TRADE
OFFICE OF THE CLERK